IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERIC FINDLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-75-JDK-KNM |
| | § | |
| LONGVIEW POLICE DEPARTMENT, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Eric Findley, proceeding pro se, filed this civil rights lawsuit complaining of alleged deprivations of his constitutional rights. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636.

Plaintiff's second amended complaint is the operative pleading in the lawsuit. In his second amended complaint, Plaintiff asserts that Longview Officer K. Tucker forgot to put his vehicle in park while placing Plaintiff under arrest, resulting in the vehicle running over Plaintiff as he lay handcuffed on the ground, injuring him. Docket No. 5. Although Plaintiff had previously named the Longview Police Department as a defendant, the second amended complaint names only Officer Tucker, thus effectively dismissing the Police Department as a party to the case.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. Docket No. 8. While persons being arrested have the right to be free from unreasonable use of force, the Magistrate Judge stated that a negligent use of force, even one causing serious injury or death, is not a constitutional violation. *Id.* Instead, negligence claims are properly heard in state court rather than federal court. *Id.*

1

In this case, Plaintiff alleged that Officer Tucker forgot to put his car in park, which the Magistrate Judge determined was a classic allegation of negligence—a lack of due care, rather than intentional conduct. *Id.* at 3. Consequently, the Magistrate Judge recommended that the lawsuit be dismissed for failure to state a claim upon which relief may be granted. *Id.* at 4.

A copy of the Report was sent to Plaintiff on May 9, 2025, but no objections have been received. The Fifth Circuit has explained that "proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 420–21 (5th Cir. 2019).

Here, Plaintiff did not file objections in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), cert. denied, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.")

Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 12) as the findings of this Court. The above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, but without prejudice as to any claims which Plaintiff may raise in state court. All pending motions are denied.

So **ORDERED** and **SIGNED** this **29th** day of **October, 2025.**

*[Signature: Jeremy D. Kernodle]*

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE